**Charly CHAYIMIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70423.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2012.*

Filed Aug. 15, 2012.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Aaron R. Petty, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

MEMORANDUM **

Charly Chayimin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Chayimin failed to establish that the marketplace fire that destroyed his parents' shop was deliberate or motivated by a protected ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 742 (9th Cir.2009); *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (petitioner must establish mistreatment was targeted particularly towards him and occurred because of racial or religious animus). Substantial evidence also supports the agency's finding that Chayimin's experiences in Indonesia, including harassment and beatings when he was a child, extortion of his parents, and a robbery of his mother, do not rise to the level of past persecution. *See Wakkary,* 558 F.3d at 1060 ("We cannot say ... that a reasonable factfinder would be compelled to conclude that these experiences, without more, cumulatively amount to past persecution.") (citations and internal quotations omitted). Further, substantial evidence supports the agency's determination that, even as a member of a disfavored group, Chayimin has not established a well-founded fear of persecution in Indonesia because he has not demonstrated sufficient individualized risk. *See Halim v. Holder,* 590 F.3d 971, 979 (9th Cir.2009). Accordingly, Chayimin's asylum claim fails.

Because Chayimin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Singh,* 134 F.3d at 971.

To the extent Chayimin contends that the agency erred by failing to consider his

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

country conditions evidence, he has not overcome the presumption that the agency reviewed the record. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000).

Finally, Chayimin does not raise any argument challenging the denial of his CAT claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.